# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 21-5007

September Term, 2021

FILED ON: NOVEMBER 16, 2021

MOHAMED AL SERAJI, AN INDIVIDUAL,
APPELLANT

v.

ALEJANDRO N. MAYORKAS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-02839)

Before: KATSAS and JACKSON, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## **J U D G M E N T**

This appeal was considered upon the briefs and the joint appendix filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order, filed on December 22, 2020, be affirmed.

Mohamed Al Seraji applied to the Transportation Security Administration (TSA) for a Transportation Worker Identification Credential (TWIC) card. *See* 46 U.S.C. § 70105(a)(1)(A). The TSA denied his application because he was deemed a security threat pursuant to a search of terrorist watchlists. *See* 49 C.F.R. § 1572.107(a). Because of Al Seraji's failure to secure a TWIC card, a job offer that had been made to him was withdrawn. Later, when Al Seraji's appeal was pending before an Administrative Law Judge, the TSA withdrew its determination, and he received a TWIC card.

Al Seraji sued various government officials in their official capacities. The district court granted the defendants' motion to dismiss for lack of standing. On appeal, Al Seraji seeks reversal of that ruling, or alternatively, a "remand with instructions for the district court to permit him to amend his Complaint and supplement his allegations."

The district court properly dismissed Al Seraji's claims.  The claims involve alleged injuries attributable either to denial of a TWIC application on the basis of being deemed a security risk or to purported problems with the process for appealing the denial of a TWIC application.   Al Seraji currently has a TWIC card, so he is not now deemed a security threat, and he has not alleged any facts that would lead one reasonably to infer that he likely will be deemed a security threat when his renewal application is considered after his current TWIC card expires in 2023.  Similarly, Al Seraji alleges no facts that would support a reasonable inference that his application likely will be denied and that he will again be subjected to the appeals process.  Having failed plausibly to allege an ongoing injury or a future injury that is "certainly impending" or has even a "substantial risk" of occurring, Al Seraji lacks Article III standing for the prospective relief he seeks.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013).

We reject Al Seraji's request to remand with instructions to permit amendment of his complaint.  He did not move in the district court for leave to amend his complaint with respect to the issue of standing, so he "cannot now belatedly seek a remand from this court to amend [his] complaint."  *City of Harper Woods Employees' Ret. Sys. v. Olver*, 589 F.3d 1292, 1304 (D.C. Cir. 2009).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk